IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO (DENVER)

| | | |
|---|---|---|
| CHIPOTLE MEXICAN GRILL, INC., | § | |
| Plaintiff | § § § | |
| v. | § § | Civil Action 1:14-cv-00018-WJM-KMT |
| JOHN CHEVEDDEN, JAMES McRITCHIE, AND MYRA K. YOUNG | § § § § | |
| Defendants | § § | |

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
JAN 28 2014
JEFFREY P. COLWELL
CLERK

**DEFENDANTS' MOTION AND SUPORTING MEMORANDUM TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Pursuant to Fed. R. Civ. P. 12(b)(1), the Defendants move to dismiss the referenced complaint for lack of subject matter jurisdiction. Chipotle Mexican Grill, Inc., (the "Plaintiff" or "Chipotle") requests this court to declare that it may exclude a Rule 14a-8 proposal described in the complaint from its proxy materials. However, it does not allege that the Defendants have taken or threatened any action that prevents the Plaintiff from excluding the proposal from its proxy materials. Therefore, the Defendants have not caused or threatened an injury in fact of sufficient immediacy to confer standing upon the Plaintiff.

In *Clapper v. Amnesty International USA*, 133 S. Ct. 1138, 1147 (2013), the Supreme Court ruled that, for a federal court to have subject matter jurisdiction to issue a declaration, a "threatened injury must be certainly impending to constitute injury in fact" and "[a]llegations of possible future injury" are not sufficient. *Whitmore v. Arkansas*, 495 U. S. 149, 158. Pp. 8–10.

The only reason Chipotle offers for seeking a declaration from this Court is that it "must know as soon as is practicable whether it may exclude the Proposal from its proxy materials." However, it does not allege that, absent such a declaration, it will incur any injury at all, let alone an injury that is "certainly impending". In fact, there is no basis for concluding that the

1

requested declaration would have any effect on the behavior of the Defendants. Hence, Chipotle really seeks an advisory opinion. However, federal courts are prohibited from issuing advisory opinions. *Bennett v. Spear*, 520 U.S. 154, 162 (1997). As the *Bennett* Court explained:

> Redress is sought *through* the court, but *from* the defendant. This is no less true of a declaratory judgment suit than of any other action. The real value of the judicial pronouncement — what makes it a proper judicial resolution of a "case or controversy" rather than an advisory opinion — is in the settling of some dispute *which affects the behavior of the defendant towards the plaintiff*. *Hewitt v. Helms*, 482 U.S. 755, 761 (1987) (emphasis in original).

In *Hollingsworth v. Perry*, 133 S. Ct. 2652 (2013), the Supreme Court counseled federal courts that to "[keep] the Judiciary's power within its proper constitutional sphere, we must put aside the natural urge to proceed directly to the merits of [an] important dispute and to 'settle' it for the sake of convenience and efficiency." (citation and footnote omitted). Here, because Chipotle has not asserted a certainly impending injury, it does not have Article III standing to obtain the declaratory judgment it seeks. Consequently, this action should be dismissed for lack of subject matter jurisdiction.

Dated: January 27, 2014

Respectfully submitted

*John Chevedden*
Pro se Defendant
2215 Nelson Ave. No. 205
Redondo Beach, Calif. 90278
PH: 310-371-7872
olmsted7p a earthlink.net

*James McRitchie*
9295 Yorkship Court
Elk Grove CA 95758

*Myra K. Young*
9295 Yorkship Court
Elk Grove CA 95758

Certificate of Service

I certify that on January 27, 2013 this motion was sent overnight to the Clerk of the Court. A copy of this motion is also being provided to Scott L. Evans, Plaintiff's attorney.

*John Chevedden*

*James McRitchie*

*Myra K. Young*