FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 3 - 2014

JEFFREY P. COLWELL
CLERK

UNITED STATED DISTRICT COURT
DISTRICT OF COLORADO

CHIPOTLE MEXICAN GRILL, INC.,

Plaintiff,

vs.  Case No. 14-CV-0018-RPM-KMT

JOHN CHEVEDDEN, JAMES MCRITCHIE,
and MYRA K. YOUNG

Defendant

# ANSWER

1. Defendants admit the allegation in the first and second sentence of paragraph 1 and 2 but deny the allegation in sentence 3, since the proposal is our proposal. John Chevedden is simply acting as our agent, a practice that has been established for decades for rule 14a-8 proponents.

2. Defendants deny the allegation in paragraph 2. The purported urgency claimed by Scott L. Evans, acting as an agent of Chipotle, is false. He states that Chipotle "must draft, finalize, and mail to shareholders its proxy statement in advance of its annual meeting scheduled for May 15, 2014." However, Mr. Evans fails to state the date was unilateral selected by Chipotle's board and that there is no legal impediment to the board postponing the meeting. In fact, it is common for a board of directors to postpone a shareholder meeting when it finds it advisable to do so. If it is concerned about obtaining a declaratory order, it can postpone the meeting without any legal consequences until this matter is resolved. This court should not be bullied to speed judgment to meet Chipotle's self-imposed deadline.

3. Defendants admit the allegation in paragraph 3.

4. Defendants admit the allegation in paragraph 4 that Chevedden resides in Redondo Beach but deny he may be served "at John."

5. Defendants admit the allegation in paragraph 5.

6. Defendants admit the allegation in paragraph 6.

7. Defendants deny the allegation in paragraph 7.

8. Defendants deny the allegation in paragraph 8.

9. Defendants deny the allegation in paragraph 9.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 10, and therefore neither admits nor denies it.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 11, and therefore neither admits nor denies it.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12, and therefore neither admits not denies them.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13, and therefore neither admits not denies them.

14. Defendants deny the allegation in paragraph 14 that the November 6, 2013 e-mail from Chevedden was "regarding the inclusion of Chevedden's Proposal in Chipotle's proxy statement." The letter attached to Chevedden's e-mail requesting inclusion of the Proposal was signed exclusively by defendants James McRitchie and Myra K. Young. Further, the letter states, "James McRitchie and Myra K. Young, 9295 Yorkship Court, Elk Grove, CA 95758 sponsored this proposal."

15. Defendants deny the allegations in paragraph 15 that the Proposal is Chevedden's, that it disregards the SEC's shareholder proposal rules, and that it failed to comply with necessary procedural requirements.

16. Defendants deny the allegations in paragraph 16.

17. Defendants admit the allegation in paragraph 17.

18. Defendants admit the allegation in paragraph 18 that Chipotle sent a letter to Defendants but deny it was regarding "Chevedden's Proposal."
19. Defendants deny the allegations in paragraph 19; who owned shares was clear from the materials submitted and there is no legal requirement that we file schedules or forms with the SEC with respect to ownership.
20. Defendants admit the allegation in paragraph 20.
21. Defendants admit the allegation in paragraph 21 that Chipotle sent a letter to Defendants but deny it was regarding "Chevedden's Proposal."
22. Defendants admit the allegation in paragraph 22.
23. Defendants admit the allegation in paragraph 23 that Chipotle sent a letter to Chevedden on November 27, 2013 but deny it was regarding "Chevedden's Proposal" or that there was any eligibility issue.
24. Defendants admit the allegation in paragraph 24 as to form but not substance, since the subject of the letter is not "Chevedden's Proposal" but is our proposal.
25. Defendants deny the allegation in paragraph 25, since Chevedden is our agent, not an owner. The proposal is ours, not Chevedden's and we provided adequate proof of ownership of Chipotle stock under Rule 14-8(b).
26. Defendants deny the allegation in paragraph 26.
27. Defendants admit to the allegation in the first sentence of paragraph 27 and admit to the form but not the substance of the second and third sentences. The SEC fails to explicitly sanction "company" representation by outside legal counsel in Rule 14a-8 either. However, that is not the same as barring their use.
28. Defendants admit the allegation on paragraph 28 that they gave notice to Chipotle that Chevedden had been appointed their agent or "proxy" for the purpose of submitting the Proposal and acting on their behalf regarding the Proposal. Defendants admit the

allegation that nothing in Rule 14a-8 explicitly contemplates a proxy as described. However, nothing in Rule 14a-8 denies the right to such representation.

29. Defendants admit the allegation in paragraph 29 that Chipotle requested proof of ownership and sought to clarify "whether Mr. McRitchie, Ms. Young, or Mr. Chevedden, or some combination of the foregoing, are the purported holders of shares of the Company's stock sufficient for eligibility to submit a shareholder proposal for inclusion in the Company's proxy materials," and without a sound basis raised a question on the identity of the proponents.

30. Defendants admit the allegation in paragraph 30 as to the statement made by Chipotle and note the Waste Connections case cited is currently under appeal.

31. Defendants deny the allegation in paragraph 31.

32. Defendants deny the allegation in paragraph 32.

33. Defendants deny the allegation in paragraph 33.

34. Defendants admit the allegation in paragraph 34.

35. Defendants admit the allegation in paragraph 35.

36. Defendants admit the allegation in paragraph 36.

37. Defendants deny the allegation in paragraph 37.

38. Defendants deny the allegation in paragraph 38.

39. Defendants deny the allegation in paragraph 39.

40. Defendants deny the allegation in paragraph 40.

41. Defendants admit the allegation in paragraph 41 as to form.

42. Defendants admit the allegation in paragraph 42 as to form. Shareholder proposal rules also allow shareholder proposals to be modified to meet objections and for proposals so amended to be included in the proxy.

43. Defendants admit the allegation in paragraph 43 as to form.

44. Defendants admit the allegation in paragraph 44 as to form. Shareholder proposal rules also allow shareholder proposals to be modified to meet objections and for proposals so amended to be included in the proxy. SLB 14 referenced mentions use of a specific "website address." This proposal contains no website address.

45. Defendants admit the allegation in paragraph 45 as to form. However, referenced material only refers to a "website" not yet published. This proposal contains no website address.

46. Defendants admit the allegation in paragraph 46 as to form. However, referenced material only refers to a "website" not yet published. This proposal contains no website address.

47. Defendants deny the allegation in paragraph 47. Referenced material only refers to a "website" not yet published. This proposal contains no website address.

48. Defendants deny the allegation in paragraph 48 that initially including false or misleading statements "renders the Proposal excludable under Rule 14a-8(i)(3)." Shareholder proposal rules allow proposals to be modified to meet objections and for proposals so amended to be included in the proxy.

49. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13, and therefore neither admits not denies them.

50. Defendants deny the allegation in paragraph 50.

51. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51, and therefore neither admits not denies them.

52. Defendants deny the allegation in paragraph 52. The SEC has repeatedly taken the position that proposals can be modified and included in the proxy. The so-called precedents lack relevance.

53. Defendants deny the allegation in paragraph 53.

54. Defendants deny the allegation in paragraph 54.

55. Defendants admit the allegations in sentences one through 3 of paragraph 55 but denies the allegation in sentence 4, since the corporate governance policies and practices of a company, such as simple majority voting, must be considered in context.

56. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56, and therefore neither admits not denies them.

57. Defendants deny the allegation in paragraph 57.

58. Defendants admit the allegation in paragraph 58.

59. Defendants deny the allegation in paragraph 59 that they have not complied with the requirements of Rule 14a-8 and again note the SEC has repeatedly taken the position that proposals can be modified and included in the proxy.

60. Defendants admit the allegation in paragraph 60 as to form.

61. Defendants deny the allegation in paragraph 61.

62. Defendants deny the allegation in paragraph 62. Mr. Evans fails to state the date was unilateral selected by Chipotle's board and that there is no legal impediment to the board postponing the meeting. In fact, it is common for a board of directors to postpone a shareholder meeting when it finds it advisable to do so. If it is concerned about obtaining a declaratory order, it can postpone the meeting without any legal consequences until this matter is resolved.

63. Defendants deny the allegation in paragraph 63 with regard to "the time required to prepare, assemble, and file the necessary proxy materials.

64. Defendants deny the allegation in paragraph 64.

WHEREFORE, Defendants pray the court to deny the declaratory judgment and other relief requested by Chipotle Mexican Grill, Inc.

Dated: January 31, 2013

Respectfully submitted,

*[signature]*
James McRitchie
Pro Se
9295 Yorkship Ct.
Elk Grove, CA 95758
jm@corpgov.net
916-691-9722

*[signature]*
Myra K. Young
Pro Se
9295 Yorkship Ct.
Elk Grove, CA 95758

## Certificate of Service

I certify that on January 31, 2014 this answer was sent overnight to the Clerk of the Court. A copy of this answer is also being provided to Scott L. Evans, Messner Reeves LLP, plaintiff's attorney.

*[signature]*
James McRitchie