FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB -5 2014

JEFFREY P. COLWELL
CLERK

UNITED STATED DISTRICT COURT
DISTRICT OF COLORADO

CHIPOTLE MEXICAN GRILL, INC.,

Plaintiff,

vs.                                    Case No. 14-CV-0018-RPM-KMT

JOHN CHEVEDDEN, JAMES MCRITCHIE,
and MYRA K. YOUNG

Defendant

## ANSWER

1. Defendant admits the allegation in the first and second sentence of paragraph 1 and 2 but

   deny the allegation in sentence 3, since the proposal is sponsored by James McRitchie

   and Myra K. Young. This is abundantly clear because James McRitchie and Myra K.

   Young submitted a letter from TD Ameritrade confirming their stock ownership in

   Chipotle Mexican Grill, Inc. John Chevedden is simply acting as an agent, a practice that

   has been established for decades for rule 14a-8 proponents.

2. Defendant denies the allegation in paragraph 2. The purported urgency claimed by Scott

   Evans, acting as an agent of Chipotle, is false. He states that Chipotle "must draft,

   finalize, and mail to shareholders its proxy statement in advance of its annual meeting

   scheduled for May 15, 2014." This 500-word proposal will occupy a de minimis part of

   the proxy. However, Mr. Evans failed to state the date was unilateral selected by

   Chipotle's board and that there is no legal impediment to the board postponing the

   meeting. In fact, it is common for a board of directors to postpone a shareholder meeting

   when it finds it advisable to do so. If Chipotle is concerned about obtaining a declaratory

   order, it can postpone the meeting without any legal consequences until this matter is

resolved. This court should not be bullied to speed judgment to meet Chipotle's self-imposed deadline and jump the line ahead of other parties who had submitted issues before this court at an earlier date.

3. Defendant admits the allegation in paragraph 3.

4. Defendant admits the allegation in paragraph 4 that Chevedden resides in Redondo Beach but denies he may be served "at John."

5. Defendant admit the allegation in paragraph 5.

6. Defendant admit the allegation in paragraph 6.

7. Defendant denies the allegation in paragraph 7.

8. Defendant denies the allegation in paragraph 8.

9. Defendant denies the allegation in paragraph 9.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 10, and therefore neither admits nor denies it.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 11, and therefore neither admits nor denies it.

12. Defendant admits that he has submitted more than 100 proposals that were successful in receiving a majority vote of the votes cast on the matter at the respective shareholder meetings in spite of management opposition.

13. The vast majority of company objections to Chevedden proposals have not been upheld.

14. Defendant denies the allegation in paragraph 14 that the November 6, 2013 e-mail from Chevedden was "regarding the inclusion of Chevedden's Proposal in Chipotle's proxy statement." The letter attached to Chevedden's e-mail requesting inclusion of the Proposal was signed exclusively by defendant James McRitchie and Myra K. Young. Further, the letter states, "James McRitchie and Myra K. Young, 9295 Yorkship Court, Elk Grove, CA 95758 sponsored this proposal."

15. Defendant denies the allegations in paragraph 15 that the Proposal is Chevedden's, that it disregards the SEC's shareholder proposal rules, and that it failed to comply with necessary procedural requirements.

16. Defendant denies the allegations in paragraph 16.

17. Defendant admits the allegation in paragraph 17.

18. Defendant admits the allegation in paragraph 18 that Chipotle sent a letter to Defendant but denies it was regarding "Chevedden's Proposal."

19. Defendant denies the allegations in paragraph 19; shares ownership was clear from the TD Ameritrade verification of stock ownership letter submitted and there was no legal requirement that Mr. McRitchie and Ms. Young additionally file schedules or forms with the SEC with respect to ownership.

20. Defendant admits the allegation in paragraph 20.

21. Defendant admits the allegation in paragraph 21 that Chipotle sent a letter to Defendant but denies it was regarding "Chevedden's Proposal."

22. Defendant admits the allegation in paragraph 22.

23. Defendant admits the allegation in paragraph 23 that Chipotle sent a letter to Chevedden on November 27, 2013 but denies it was regarding "Chevedden's Proposal" or that there was any eligibility issue.

24. Defendant admits the allegation in paragraph 24 as to form but not substance, since the subject of the letter is not "Chevedden's Proposal" but is the McRitchie/Young proposal.

25. Defendant denies the allegation in paragraph 25, since Chevedden is the agent, not an owner. Mr. McRitchie and Ms. Young had already provided adequate proof of ownership of Chipotle stock for their proposal under Rule 14-8(b).

26. Defendant denies the allegation in paragraph 26.

27. Defendant admits to the allegation in the first sentence of paragraph 27 and admits to the form but not the substance of the second and third sentences. In a similar manner the SEC

fails to explicitly sanction "company" representation by outside legal counsel in Rule 14a-8 proposal submittal process. However, that is not the same as barring their use.

28. Defendant admits the allegation on paragraph 28 that they gave notice to Chipotle that Chevedden had been appointed their agent or "proxy" for the purpose of submitting the Proposal and acting on their behalf regarding the Proposal. Defendant admits the allegation that nothing in Rule 14a-8 explicitly contemplates a proxy as described. However, nothing in Rule 14a-8 denies the right to such representation by proponents or by companies. Indeed if Chipotle owned stock in another company it would be free to submit a shareholder proposal to that company and rely on an outside party to process the detailed paperwork.

29. Defendant admits the allegation in paragraph 29 that Chipotle requested proof of ownership and sought to clarify its manufactured vagueness on the identify of the proponents.

30. Defendant admits the allegation in paragraph 30 as to the statement made by Chipotle and emphasize that the Waste Connections case is currently under appeal.

31. Defendant denies the allegation in paragraph 31.

32. Defendant denies the allegation in paragraph 32.

33. Defendant denies the allegation in paragraph 33.

34. Defendant only admits the rule cited in paragraph 34

35. Defendant only admits the staff position cited in paragraph 35.

36. Defendant only admits the staff position cited in paragraph 36.

37. Defendant denies the allegation in paragraph 37.

38. Defendant denies the allegation in paragraph 38.

39. Defendant denies the allegation in paragraph 39.

40. Defendant denies the allegation in paragraph 40.

41. Defendant only admits the rule cited in paragraph 41.

42. Defendant only admits the rule cited in paragraph 42. Shareholder proposal rules also allow shareholder proposals to be modified to meet objections and for proposals so amended to be included in the proxy. Additionally companies routinely violate Rule 14a-9 in their opposition statements regarding rule 14a-8 proposals. Rule 14a-8 has virtually no recourse for proponents when they are faced with false and misleading text in management opposition statements addressing their rule 14a-8 proposals.

43. Defendant only admits the existence of Staff Legal Bulletin No. 14B. In the no action process there have been hundreds of cases, if not thousands of cases, where supporting text in rule 14a-8 proposal has been modified or omitted and the related proposal has been deemed suitable for publication in the proxy.

44. Defendant admits the allegation in paragraph 44 as to form. Shareholder proposal rules also allow shareholder proposals to be modified to meet objections and for proposals so amended to be included in the proxy. Shareholder proposal rules also allow shareholder proposals to be modified to meet objections and for proposals so amended to be included in the proxy. Additionally companies routinely violate Rule 14a-9 in their opposition statements regarding rule 14a-8 proposals. Rule 14a-8 has virtually no recourse for proponents when they are faced with false and misleading text in management opposition statements addressing their rule 14a-8 proposals. SLB 14 mentions use of a specific "website address." This proposal contains no website address.

45. Defendant admits the allegation in paragraph 45 as to form. However, referenced material only refers to a "website" not yet published. This proposal contains no website address. Additionally it is a typical practice for companies to omit source materials for their statements opposing rule 14a-8 proposals.

46. Defendant only admits GMI Ratings is a source in regard to paragraph 46. GMI Ratings is publicly available to any member of the public who subscribes. Additionally GMI routinely provides companies with complementary information from their report.

47. Defendant denies the allegation in paragraph 47. Referenced material only refers to a "website" not yet published. This proposal contains no website address.

48. Defendant denies the allegation in paragraph 48 that a claim of false or misleading statements "renders the Proposal excludable under Rule 14a-8(i)(3)." Shareholder proposal rules allow proposals to be modified to meet objections and for proposals so amended to be included in the proxy. However many claims of false or misleading statements are deeded immaterial. In paragraph 48 the company includes an "except" that seems to reverse its claim.

49. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13, and therefore neither admits not denies them.

50. Defendant denies the allegation in paragraph 50.

51. Defendant only admits to the existence of the rule cited. In opposition statements to rule 14a-8 proposals companies routinely include information regarding overall company governance in spite of the fact that many companies by contrast claim that such information is irrelevant when it appears correspondingly in rule 14a-8 proposals.

52. Defendant denies the allegation in paragraph 52. In opposition statements to rule 14a-8 proposal companies routinely include information regarding overall company governance in spite of the fact that many companies by contrast claim that such information is irrelevant when it appears correspondingly in rule 14a-8 proposals. The SEC has repeatedly taken the position that proposals can be modified and included in the proxy. The so-called precedents only show irrelevance extremes that would not apply to this proposal.

53. Defendant denies the allegation in paragraph 53.

54. Defendant denies the allegation in paragraph 54.

55. Defendant admits the allegations in sentences one through 3 of paragraph 55 (which the company also apparently admits at least as accurate statements) but denies the allegation

in sentence 4, since the corporate governance policies and practices of a company, such as simple majority voting, must be considered in the context of the overall governance practices of the company.

56. Defendant admits that GMI Ratings reported that Chipotle did not have a "fair price provision" in the past tense. Chipotle is silent or vague on whether it had a "fair price provision."

57. Defendant denies the allegation in paragraph 57.

58. Defendant admits the allegation in paragraph 58.

59. Defendant denies the allegation in paragraph 59 that they have not complied with the requirements of Rule 14a-8 and again note the SEC has repeatedly taken the position that proposals can be modified and included in the proxy or that suggested modifications are immaterial.

60. Defendant admits the so-called deficiencies in paragraph 60 which were even addressed as a special accommodation in cases where they had no merit.

61. Defendant denies the allegation in paragraph 61 especially the allegations that had no merit or were immaterial.

62. Defendant denies the allegation in paragraph 62. Mr. Evans fails to state that the date was unilateral selected by Chipotle's board and that there is no legal impediment to the board postponing the meeting. In fact, it is common for a board of directors to postpone a shareholder meeting when it finds it advisable to do so. If Chipotle is concerned about obtaining a declaratory order, it can postpone the meeting without any legal consequences until this matter is resolved. Additionally this matter can be resolved far more efficiently by making use of the SEC no action process.

63. Defendant denies the allegation in paragraph 63 with regard to "the time required to prepare, assemble, and file the necessary proxy materials. This 500-word proposal will occupy a de minimis part of the proxy.

64. Defendant denies the allegation in paragraph 64.

WHEREFORE, Defendant pray the court to deny the declaratory judgment and other relief requested by Chipotle Mexican Grill, Inc.

Dated: February 4, 2013

Respectfully submitted,

John Chevedden
Pro Se
2215 Nelson Ave., No. 205
Redondo Beach, CA 90278
olmsted7p@earthlink.net
310-371-7872

Certificate of Service

I certify that on February 4, 2014 this answer was sent overnight to the Clerk of the Court. A copy of this answer is also being provided to Scott L. Evans, Messner Reeves LLP, plaintiff's attorney.

James McRitchie