UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

CHIPOTLE MEXICAN GRILL, INC., )
)
)
Plaintiff, )
)
v. )
) Civil Action 1:14-cv-00018-WJM-KMT
JOHN CHEVEDDEN, JAMES McRITCHIE, )
and MYRA K. YOUNG, )
)
Defendants. )
)

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff Chipotle Mexican Grill, Inc. ("Chipotle") submits this opposition to the Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Motion to Dismiss") filed by Defendants John Chevedden ("Chevedden"), James McRitchie ("McRitchie") and Myra K. Young ("Young"). Defendants' Motion to Dismiss should be denied.

**NATURE AND STAGE OF PROCEEDING**

On January 2, 2014, Chipotle filed the Complaint in this case seeking a declaration that the shareholder proposal submitted by Defendants may be excluded from Chipotle's 2014 proxy statement pursuant to Securities and Exchange Commission ("SEC") Rule 14a-8. *See* 17 C.F.R. § 240.14a-8.

On January 28, 2014, Defendants filed their Motion to Dismiss, arguing that there is no justiciable "case or controversy" in this matter, as Defendants allegedly have not caused or

1

threatened an injury in fact of sufficient immediacy to confer standing on Chipotle. However, as explained below, Defendants' Motion to Dismiss should be denied.

Because Chipotle must file its definitive proxy statement no later than March 25, 2014, so that it may hold its annual meeting on May 15, 2014 (the final proxy materials for such meeting must be prepared, assembled, filed, and mailed to shareholders at least 40 days in advance of that meeting), Chipotle asks that this case be resolved as promptly as possible. No discovery is necessary for a judgment in this matter. Chipotle intends promptly to file a motion for a speedy hearing pursuant to Fed. R. Civ. P. 57.

## STANDARD OF REVIEW

Defendants' Motion to Dismiss is based on alleged lack of subject matter jurisdiction under Fed. R. Civ.P. 12(b)(1), and thus Chipotle need only make a *prima facie* showing to withstand Defendants' challenge on these grounds. *Fed. Deposit Ins. Corp. v. Oaklawn Apartments,* 959 F.2d 170, 174 (10th Cir. 1992). Where, as here, a defendant's motion to dismiss constitutes a facial attack on the allegations of subject matter jurisdiction contained in a plaintiff's complaint, the Court presumes all of the allegations contained in the complaint to be true. *See Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).

## SUMMARY OF THE ARGUMENT

Chevedden, one of the defendants in this case (a well-known and voluminous generator of shareholder proposals to U.S. corporations), has made this exact standing argument—and lost—many times before. KBR, Inc., a company based in the Fifth Circuit, recently obtained a declaratory judgment permitting the exclusion of one of Mr. Chevedden's proposals. In that case, Chevedden made this same argument seeking dismissal of that case on grounds of lack of

subject matter jurisdiction. The Court in that case rejected Chevedden's argument on *three separate occasions*: (i) denying Chevedden's motion to dismiss for lack of standing (the same motion he makes here), *KBR Inc. v. Chevedden*, 776 F. Supp. 2d 415, 426-27 (S.D. Tex. 2011) ("*KBR I*"); (ii) granting summary judgment to KBR declaring its right to exclude Chevedden's proposal from its proxy statement, *KBR Inc. v. Chevedden*, Civ. Action No. 4:11-cv-196, 2011 WL 1463611, at *1-2 (S.D. Tex. Apr. 4, 2011) ("*KBR II*"); and (iii) denying Chevedden's motion for reconsideration, *KBR Inc. v. Chevedden*, Civ. Action No. 4:11-cv-196, 2011 WL 6033039, at *2 (S.D. Tex. Dec. 5, 2011) ("*KBR III*"). As the Court held in *KBR I*:

> KBR has demonstrated an actual controversy between it and Chevedden over whether it must include his proposal in its proxy statement. The controversy is of sufficient immediacy because KBR must finalize its proxy statement by April of this year. Chevedden has an implied right of action under section 14(a) of the Exchange Act. He may sue KBR for refusing to include his proposal. Issuing a declaratory judgment relieves KBR of the uncertainty over its decision to exclude Chevedden's proposal. *See Concise Oil & Gas Partnership v. La. Intrastate Gas Corp.*, 986 F.2d 1463, 1471 (5th Cir.1993) ("The two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding."). Courts have held that a public company has standing to seek a declaratory judgment that a shareholder's proposal is properly excluded from a proxy statement because the shareholder's ability to sue to challenge the exclusion creates uncertainty warranting judicial resolution.

*KBR I* at 426-27. The Fifth Circuit affirmed this decision, reasoning that

> whichever course KBR chose [to include or exclude the proposal from its proxy statement], the decision would implicate KBR's duties to all of its shareholders. Also, wrongly excluding an eligible shareholder's proposal from its proxy statements could expose KBR to an SEC enforcement action.

3

*KBR Inc. v. Chevedden*, 478 Fed. Appx. 213, 214-15 (5th Cir. 2012).

Similarly, in *Waste Connections, Inc. v. Chevedden et al.*, Civ. Action No. 4:13-cv-00176 (S.D. Tex. June 3, 2013), Defendants Chevedden, McRitchie, and Young filed a Motion to Dismiss for lack of subject matter jurisdiction that was nearly identical to their Motion to Dismiss in the instant case. In *Waste Connections*, the Court denied Defendants' Motion to Dismiss, finding that Plaintiff Waste Connections had standing to seek a declaratory judgment that it could refuse to include Chevedden, McRitchie, and Young's shareholder proposal in its proxy statement.

The holding and reasoning in the *KBR* cases, as well as in *Waste Connections*, is persuasive, and the same conclusion is warranted here. Accordingly, Defendants' Motion to Dismiss should be denied.

## BACKGROUND

Rule 14a-8 provides a well-established private right of action. *See KBR*, 478 Fed. Appx. at 215 (citing *J.I. Case Co. v. Borak*, 377 U.S. 426, 431-33, 84 S. Ct. 1555, 1559-60 (1964)). Chipotle seeks a declaratory judgment that it may, under Rule 14a-8, exclude from its proxy materials the proposal submitted by Chevedden, purportedly on behalf of the other defendants. (*See* Plaintiff's Complaint ¶ 63.) The proposal is properly excluded because it fails to meet at least five mandatory requirements of Rule 14a-8 and 14a-9:

- Chevedden has not satisfied the ownership requirements of Rule 14a-8(b) (*Id.* ¶¶ 17-26).

- McRitchie and Young purport to appoint Chevedden to submit a proposal on their behalf for inclusion in proxy materials before the 2014 meeting, which Rule 14a-8 does not allow (*Id.* ¶¶ 27-33).

4

- The proposal is impermissibly vague and indefinite so as to be inherently false and misleading, in violation of Rule 14a-9 (*Id.* ¶¶ 34-40).

- Rule 14-8 permits Chipotle to exclude from its proxy materials the proposal because the supporting statement for the proposal is materially misleading (*Id.* ¶¶ 41-50).

- Rule 14a-8 permits Chipotle to exclude from its proxy materials the proposal because substantial portions of the supporting statement are irrelevant to the subject matter of the proposal (*Id.* ¶¶ 51-57).

Defendants' Motion to Dismiss does not dispute any of this.

Chipotle must file its definitive proxy statement no later than March 25, 2014. Chipotle's annual meeting is scheduled to occur on May 15, 2014, and the final proxy materials for such meeting must be prepared, printed and delivered, filed, and mailed to shareholders at least 40 days in advance of that meeting. In order to meet this deadline and to accommodate the timeline required to finalize, print, and distribute such proxy materials, Chipotle must know whether it may properly exclude Chevedden's misleading proposal from the proxy statement by no later than March 21, 2014. Chipotle therefore seeks a declaration as soon as is practicable that it may exclude Defendants' proposal.

**ARGUMENT**

**I. Legal Standard Applicable to Declaratory Judgments**

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Section 2201(a) "refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III" of the U.S. Constitution. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S. Ct. 764, 771 (2007). To obtain

relief under section 2201(a), the plaintiff must demonstrate an "actual controversy" with the defendant, rather than an "abstract question." *KBR I*, 776 F. Supp. 2d at 426 (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273, 61 S. Ct. 510, 512 (1941)). In evaluating whether the plaintiff has done so, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127, 127 S. Ct. at 771.

The case or controversy requirement does not require a party to "bet the farm, so to speak," by taking an action that could expose it to liability in order to have standing to seek a declaratory judgment determining whether the action is appropriate. *MedImmune*, 549 U.S. at 129, 127 S. Ct. at 772 (citations omitted). Instead, as the Tenth Circuit has explained, declaratory relief is appropriate "to remove uncertainty and insecurity from legal relations, and thus clarify, quiet and stabilize them . . . ." *Delaney v. Carter Oil Co.*, 174 F.2d 314, 315 (10th. Cir. 1949). Chipotle has standing to seek declaratory relief here based on Defendants' pending, yet defective, Rule 14a-8 proposal.

## II. Chipotle Has Standing to Seek a Declaratory Judgment

In this case "a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment" exists. *MedImmune*, 549 U.S. at 127, 127 S. Ct. at 771.

The parties' "adverse legal interests" are clear. Defendants have submitted a shareholder proposal to Chipotle for the express purpose of including it in Chipotle's upcoming proxy statement. Accordingly, on one side, Defendants persist in seeking the inclusion of their proposal

6

in Chipotle's 2014 proxy materials. On the other side, Chipotle asserts that Defendants have not properly submitted the proposal, and that the proposal is defective in any event. Including such an improper defective proposal in its proxy materials would burden the resources and waste the time of Chipotle's management in having to explain its flaws to shareholders. Here, as in *KBR I*, the conflict with Defendants over "whether [Chipotle] must include [the] proposal in its proxy statement" proves that the parties have adverse legal interests and a concrete legal dispute. *KBR I*, 776 F. Supp. 2d at 426.

These adverse interests are of sufficient "immediacy and reality" to justify declaratory relief. *MedImmune*, 549 U.S. at 127, 127 S. Ct. at 771. Chipotle's definitive proxy materials must be filed no later than March 25, 2014, so Chipotle must understand as soon as is practicable whether it has the legal right to exclude Defendants' proposal. (*See* Compl. ¶ 62.) Thus, just as in *KBR I*, the controversy between Chipotle and Defendants "is of sufficient immediacy" because Chipotle must finalize its proxy statement by late March of this year. *S e e KBR I*, 776 F. Supp. 2d at 427.

Chipotle's conflict with Defendants is also "a substantial controversy" with real consequences. Without a declaration of its rights, Chipotle has two options. The first is to "bet the farm" by excluding the proposal from its proxy materials. *MedImmune*, 549 U.S. at 129, 127 S. Ct. at 772. By doing so, Chipotle may expose itself to lawsuits from other shareholders challenging the decision, and even to enforcement actions from the SEC, as the Tenth Circuit's sister circuit observed in *KBR*. *See KBR*, 478 Fed. Appx. at 215. The second option is for Chipotle to include the proposal, and thereby "simply not do[]" what it believes it has the right to do, and sacrifice its substantive rights. *MedImmune*, 549 U.S. at 129, 127 S. Ct. at 772. By choosing the

latter option, Chipotle would effectively be "coerced" into granting Defendants' improper request, simply to avoid the adverse legal consequences of acting without a ruling in its favor. *Id.* Thus, Chipotle faces exactly the type of "dilemma that it was the very purpose of the Declaratory Judgment Act to ameliorate." *Id.* (quoting *Abbott Laboratories v. Gardner*, 387 U.S. 136, 152, 87 S. Ct. 1507, 1517 (1967)). Indeed, "Courts have held that a public company has standing to seek a declaratory judgment that a shareholder's proposal is properly excluded from a proxy statement because the shareholder's ability to sue to challenge the exclusion creates uncertainty warranting judicial resolution." *KBR I*, 776 F. Supp. 2d at 427. As one court explained:

> It is immaterial whether a seller has standing under the '34 Act because the purpose of the Declaratory Judgment Act is to allow a party to a case or controversy to seek a declaration of non-liability in order to determine the issue and be relieved of the burden of uncertainty which may be imposed upon one in the event that a potential claimant does not seek redress in the courts in a timely fashion. Thus, all that is necessary is that the declaratory defendant would have standing to bring the claims for which the declaratory relief is sought. Therefore, since defendants would have standing to bring a claim under the '34 Act against plaintiffs, plaintiffs have standing to bring this declaratory judgment action.

*May Dep't Stores v. Emps. Ret. Sys. of Ala.*, No. 93 Civ. 0879, 1993 WL 362389, at *2 (S.D.N.Y. Sept. 14, 1993) (internal citations omitted); *see also Kansas City Power & Light Co. v. Kansas Gas & Elec.*, 747 F.Supp. 567, 572 (W.D.Mo. 1990) ("In the instant case, it is clear that this court would have jurisdiction pursuant to section 27 if KG & E filed suit against KCP & L challenging the legality of KCP & L's Schedule 14D–1 because such a suit would be brought to "enforce a liability or duty created by the Exchange Act." 15 U.S.C. § 78aa. Thus, the court finds it has jurisdiction to entertain the declaratory judgment action filed by KCP & L."). Therefore, Chipotle has standing to seek a declaratory judgment in this matter.

## CONCLUSION

For the reasons set forth above, Chipotle respectfully requests that the Court deny Defendants' Motion to Dismiss.

Respectfully submitted on this 7th day of February, 2014.

*s/ Scott L. Evans*
Scott L. Evans, #25475
Caleb Meyer, #34292
Michael S. Toll, #44087
Messner Reeves LLP
1430 Wynkoop, Suite 300
Denver, CO 80202
Phone: 303.623.1800
Fax:   303.623.0552
sevans@messner.com
cmeyer@messner.com
mtoll@messner.com
***Attorneys for Plaintiff Chipotle Mexican Grill, Inc.***

# CERTIFICATE OF SERVICE

I certify that on this 7th day of February 2014, I electronically transmitted a true and correct copy of this document to the Clerk of Court using the ECF System, and served the following via Federal Express:

John Chevedden
2215 Nelson Avenue, No. 205
Redondo Beach, CA 90278
310-371-7872
olmsted7@earthlink.net

James McRitchie
9295 Yorkship Court
Elk Grove, CA 95758

Myra K. Young
9295 Yorkship Court
Elk Grove, CA 95758

                                                            s/ Jeanine A. Montoya
                                                            Jeanine A. Montoya