FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 19 2014

JEFFREY P. COLWELL
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO (DENVER)

CHIPOTLE MEXICAN GRILL, INC., §
§
Plaintiff §
§
v. § Civil Action 1:14-cv-00018-WJM-KMT
§
JOHN CHEVEDDEN, §
JAMES McRITCHIE, AND §
MYRA K. YOUNG §
§
Defendants §

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION

## INTRODUCTION

Chipotle Mexican Grill, Inc., ("Chipotle") requests an order declaring that it may exclude the Defendants' Rule 14a-8 proposal from its proxy materials. However, Chipotle has not alleged that the Defendants did, or have threatened to, prevent Chipotle from doing that. Consequently, the Defendants moved to dismiss the referenced complaint for lack of subject matter jurisdiction.

In their initial brief supporting their motion to dismiss, the Defendants cited *Clapper v. Amnesty International USA*, 133 S. Ct. 1138 (2013), in which the Supreme Court ruled that a "threatened injury must be certainly impending to constitute injury in fact" and "[a]llegations of possible future injury" are not sufficient. *Whitmore v. Arkansas*, 495 U. S. 149, 158. Pp. 8–10. There is no mention of *Clapper* or the phrase "certainly impending" in Chipotle's opposition brief. Thus, this Court should infer that Chipotle does not face a "certainly impending" injury.

## ARGUMENT

Without positing a cognizable "certainly impending" injury in fact, Chipotle nevertheless breathlessly insists that it "must know" whether this Court agrees with its decision to exclude the

1

Defendants' proposal from its proxy materials because it "must file its definitive proxy statement no later than March 25, 2014, so that it may hold its annual meeting on May 15, 2014...." But, Chipotle does not disclose that it unilaterally established the meeting date and can unilaterally postpone it with no adverse legal consequences. In any event, a federal court is not authorized to provide a plaintiff that fails to demonstrate a certainly impending injury with legal advice just because it asserts that it "must know" what that Court thinks.

Significantly, Chipotle's opposition brief does not dispute that:

1. A plaintiff seeking a declaratory judgment must demonstrate that it is facing a certainly impending injury in fact;

2. Chipotle is not facing a certainly impending injury in fact from the Defendants (or any other imminent adverse legal consequence) if it excludes their proposal from its proxy materials.

3. The Defendants have made no threats to sue Chipotle if it excludes their proposal from its proxy materials.

Contrary to Chipotle's Chicken Little-like rhetoric about "betting the farm," none of the Defendants has ever sued or threatened to sue any company to compel it to include a Rule 14a-8 Proposal in its proxy materials. The Defendants are not "coercing" Chipotle to do anything. They merely submitted a proposal to Chipotle that they believe complies with Rule 14a-8. Chipotle disagrees and states that it intends to exclude the proposal from its proxy materials. But, Chipotle can do that with no fear that the Defendants will challenge Chipotle's decision. Thus, there is no need, or authority, for this Court to ratify Chipotle's legal conclusion.

To deflect the Court's attention from its lack of standing, Chipotle's cites *KBR Inc. v. Chevedden*, 478 Fed. Appx. 213 (5th Cir. 2012). *KBR* was a case which involved substantially the same fact pattern as this one but it was superseded by, and cannot be reconciled with, *Clapper*. *KBR*'s entire Article III standing analysis is as follows:

> Chevedden also argues that his conflict with KBR lacks the sufficient immediacy and reality to give KBR standing to bring a declaratory judgment action. The Declaratory Judgment Act permits a federal court to "declare the rights and other

2

legal relations" of parties in "a case of actual controversy." 28 U.S.C. § 2201(a). Chevedden's proposal put KBR to a choice between spending a significant sum to revise its proxy statement, or excluding Chevedden's proposal and exposing itself to potential litigation. The choice between accommodating a potential adverse litigant at substantial expense or taking action that would expose onself [sic] to a suit creates a justiciable dispute between parties. *See, e.g., MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 137, 127 S. Ct. 764, 777 (2007) (holding that a patent licensee could seek a declaration that the patent was invalid without first exposing itself to an infringement suit by withholding payments due under its licensing agreement with the cpatent [sic] holder). Chevedden argues that any possibility of litigation stemming from a decision to exclude his proposal is vitiated by his stipulation that he would not sue if KBR chose that course. But whichever course KBR chose, the decision would implicate KBR's duties to all of its shareholders. Also, wrongly excluding an eligible shareholder's proposal from its proxy statements could expose KBR to an SEC enforcement action.

Thus, the *KBR* court ruled that merely "expos[ing] oneself to a suit" is sufficient to constitute an injury in fact. Subsequently, the Supreme Court, in *Clapper*, made it clear that such a relaxed standard is incorrect. Rather, a claimed future injury in fact must be "certainly impending" and a plaintiff "cannot rely on speculation about the unfettered choices made by independent actors not before the court." *Clapper.* (citation and internal quotations omitted.)

Like the *KBR* panel, Chipotle relies on *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007) to support standing. However, such reliance is misplaced. In *MedImmune*, the defendant delivered a letter to the plaintiff expressing its belief that a drug marketed by the plaintiff was covered by a patent held by the defendant and that it expected the plaintiff to pay it royalties. According to the Supreme Court, "[The plaintiff] considered the letter to be a clear threat . . . to sue for patent infringement if [the plaintiff] did not make royalty payments as demanded." The *MedImmune* Court reasonably construed that letter as an imminent threat to sue the plaintiff and that threat conferred standing on the plaintiff to seek a declaratory judgment. By contrast, no such threat has been alleged here (or was alleged in *KBR*) so there is no reason to find a "potential" lawsuit by the Defendants (or any other party) to be other than hypothetical. A hypothetical injury is insufficient to confer standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992).

Despite the tension between *Clapper* and *KBR*, Chipotle contends that *KBR* is persuasive authority. The Defendants disagree. *KBR* cannot credibly be squared with *Clapper*. Like the Wizard of Oz, Chipotle, in its opposition brief, would have this Court pay no attention to the "certainly impending" standard for a claimed future injury lurking behind the *Clapper* curtain. Although Chipotle would understandably prefer the more relaxed *KBR* standard, this Court must apply *Clapper*'s demanding "certainly impending" standard -- which Chipotle fails to meet.

Unable to identify a certainly impending injury, Chipotle says that if it acts as it wishes, it "may expose itself to lawsuits from other shareholders…and…from the SEC."[1] Thus, like the *KBR* court, Chipotle speculates about the future actions of non-parties. However, the *Clapper* Court rejected speculation about the choices of independent actors that are not before the court to support standing. Moreover, such non-parties cannot be bound by an order issued by this Court so Chipotle also fails to meet the redressability requirement necessary to establish standing. *Lujan* ("[I]t must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'") (citation omitted).

## CONCLUSION

If this Court applies the "certainly impending" standard, as it should, it is evident that Chipotle does not meet it (or the redressability requirement). Consequently, this action should be dismissed for lack of subject matter jurisdiction.

---

[1] To the Defendants' knowledge, no lawsuit by "other shareholders" has ever been brought against a company that determined to exclude a Rule 14a-8 proposal from its proxy materials. The SEC has brought one enforcement action in the entire seventy-two year history of Rule 14a-8 and its predecessor – and that was initiated sixty-eight years ago. See *SEC v. TransAmerica Corp.*, 163 F.2d 511 (3d. Cir. 1947). The defendant conservatively estimates that since *TransAmerica*, tens of thousands of shareholder proposals have been submitted. Thus, it is an overstatement to label as "speculative" Chipotle's purported fear of a lawsuit from a non-party if it excludes the Defendants' proposal from its proxy materials.

Also, nothing prevented Chipotle from requesting no-action relief from the SEC and avoiding the impending doom it claims to face. It <u>unilaterally</u> chose not to do so, and instead <u>unilaterally</u> chose to sue the *pro se* defendants (and not the SEC) for the same reason a mugger selects frail victims, not NFL linebackers. As the *Clapper* Court noted, plaintiffs "cannot manufacture standing merely by inflicting harm on themselves…." *Clapper*. (Citation omitted).

4

Dated: February 18, 2014

Respectfully submitted

*signature*
John Chevedden
Pro se Defendant
2215 Nelson Ave. No. 205
Redondo Beach, Calif. 90278
PH: 310-371-7872
olmsted7p@earthlink.net

*signature*
James McRitchie
9295 Yorkship Court
Elk Grove. CA 95758

*signature*
Myra K. Young
9295 Yorkship Court
Elk Grove. CA 95758

Certificate of Service

I certify that on February 18, 2014 this motion was sent overnight to the Clerk of the Court. A copy of this motion is also being provided to Scott L. Evans, Plaintiff's attorney.

*signature*
John Chevedden

*signature*
James McRitchie

*signature*
Myra K. Young

5