UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| CHIPOTLE MEXICAN GRILL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action 1:14-cv-00018-WJM-KMT |
| | ) |
| JOHN CHEVEDDEN, JAMES McRITCHIE, | ) |
| and MYRA K. YOUNG, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Plaintiff Chipotle Mexican Grill, Inc. ("Chipotle") hereby submits this Reply in Support of its Motion for Summary Judgment against Defendants John Chevedden ("Chevedden"), James McRitchie ("McRitchie") and Myra K. Young ("Young") (collectively, "Defendants"). Pursuant to Fed. R. Civ. P. 56, Chipotle respectfully requests that this Court grant summary judgment and declare that Chipotle may exclude Chevedden's purported shareholder proposal ("Proposal") from its 2014 proxy materials.

Rule 14a-8 of the Securities Exchange Act of 1934 ("Rule 14a-8") sets forth the requirements for shareholder proposals and the bases upon which companies properly may exclude such proposals from proxy materials. *See* 17 C.F.R. § 240.14a-8. Chipotle properly may exclude Chevedden's shareholder proposal from its proxy materials for its 2014 annual meeting based on five separate and independently-sufficient reasons:

(1) Chevedden has not satisfied the ownership requirements of Rule 14a-8(b).

(2) McRitchie and Young purport to appoint Chevedden to submit the Proposal on their behalf for inclusion in Chipotle's proxy materials, which Rule 14a-8 does not allow.

(3) The Proposal is impermissibly vague and indefinite so as to be inherently false and misleading, in violation of Rule 14a-9.

(4) Rule 14a-8 permits Chipotle to exclude the Proposal from its proxy materials because the supporting statement for the Proposal is materially misleading.

(5) Rule 14a-8 permits Chipotle to exclude the Proposal from its proxy materials because substantial portions of the supporting statement are irrelevant to the subject matter of the Proposal.

There are no genuine issues of material fact as to any of these five violations of Rule 14a-8. Indeed, Defendants in their Reply Brief failed to proffer any evidence or cognizable arguments that they complied with Rule 14a-8, and thus Chevedden's Proposal deserved to be included in Chipotle's proxy materials. Accordingly, Chipotle is entitled to judgment as a matter of law declaring that the Proposal may be excluded.

**I. Chipotle Has Standing to Pursue this Matter, and This Court Granting Chipotle's Motion for Summary Judgment Will Not Be an Advisory Opinion.**

Apparently because Defendants have no evidence or cognizable arguments that they complied with Rule 14a-8, Defendants' first of only two arguments in their Response Brief merely restates their argument in their already fully-briefed Motion to Dismiss for Lack of Subject Matter Jurisdiction, namely that the declaratory judgment sought by Chipotle in this action would be a prohibited advisory opinion. In support of their flawed argument, Defendants assert merely that they purportedly "irrevocably promised" not to sue Chipotle if it excludes Chevedden's proposal from its proxy materials.

Chevedden has made this exact standing argument—and lost—many times before. KBR, Inc., a company based in the Fifth Circuit, recently obtained a declaratory judgment permitting

the exclusion of one of Chevedden's proposals. In that case, Chevedden made this same argument seeking dismissal of that case on grounds of lack standing. The Court in that case rejected Chevedden's argument on *three separate occasions*: (i) denying Chevedden's motion to dismiss for lack of standing (containing the same argument he makes here), *KBR Inc. v. Chevedden*, 776 F. Supp. 2d 415, 426-27 (S.D. Tex. 2011) ("*KBR I*"); (ii) granting summary judgment to KBR declaring its right to exclude Chevedden's proposal from its proxy statement, *KBR Inc. v. Chevedden*, Civ. Action No. 4:11-cv-196, 2011 WL 1463611, at *1-2 (S.D. Tex. Apr. 4, 2011) ("*KBR II*"); and (iii) denying Chevedden's motion for reconsideration, *KBR Inc. v. Chevedden*, Civ. Action No. 4:11-cv-196, 2011 WL 6033039, at *2 (S.D. Tex. Dec. 5, 2011) ("*KBR III*"). As the Court held in *KBR I*:

> KBR has demonstrated an actual controversy between it and Chevedden over whether it must include his proposal in its proxy statement. The controversy is of sufficient immediacy because KBR must finalize its proxy statement by April of this year. Chevedden has an implied right of action under section 14(a) of the Exchange Act. He may sue KBR for refusing to include his proposal. Issuing a declaratory judgment relieves KBR of the uncertainty over its decision to exclude Chevedden's proposal. *See Concise Oil & Gas Partnership v. La. Intrastate Gas Corp.,* 986 F.2d 1463, 1471 (5th Cir.1993) ("The two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding."). Courts have held that a public company has standing to seek a declaratory judgment that a shareholder's proposal is properly excluded from a proxy statement because the shareholder's ability to sue to challenge the exclusion creates uncertainty warranting judicial resolution.

*KBR I* at 426-27.

Importantly, in the KBR litigation—as in this case—Chevedden stipulated that he would not sue KBR if it decided not to include his proposal in its proxy materials, and thus Chevedden argued that his conflict with KBR lacked "the sufficient immediacy and reality to give KBR standing to bring a declaratory judgment action" because "any possibility of litigation stemming from a decision to exclude his proposal is vitiated by his stipulation that he would not sue if KBR chose that course." *KBR Inc. v. Chevedden*, 478 Fed. Appx. 213, 215 (5th Cir. 2012).

The Fifth Circuit, in affirming the lower court's decision, denied Chevedden's standing argument, notwithstanding his stipulation not to sue, because

> whichever course KBR chose [to include or exclude the proposal from its proxy statement], the decision would implicate KBR's duties to all of its shareholders. Also, wrongly excluding an eligible shareholder's proposal from its proxy statements could expose KBR to an SEC enforcement action.

*KBR Inc.*, 478 Fed. Appx. at 215.

Similarly, in *Waste Connections, Inc. v. Chevedden et al.*, Civ. Action No. 4:13-cv-00176 (S.D. Tex. June 3, 2013), Defendants Chevedden, McRitchie, and Young asserted a standing argument that was nearly identical to their standing argument in the instant case. In *Waste Connections*, as in this case, Defendants Chevedden, McRitchie, and Young purported to execute a self-proclaimed "irrevocable covenant" that they would not sue Plaintiff Waste Connections if it elected to exclude their proposal from its proxy materials, and thus they argued that such irrevocable promise deprived Waste Connections of standing to seek declaratory relief.

However, the Fifth Circuit—in affirming the lower court's denial of Defendants' standing argument and granting of summary judgment on Waste Connections' declaratory judgment action—*rejected* Chevedden, McRitchie, and Young's argument that their stipulation not to sue

4

Waste Connections for excluding Chevedden's proposal deprived the company of standing. *Waste Connections, Inc. v. Chevedden*, --- Fed. Appx. ----, *2, 2014 WL 554566 (5th Cir. Feb. 13, 2014). The Fifth Circuit adopted its reasoning in *KBR Inc. v. Chevedden*, 478 Fed. Appx. 213, 215 (5th Cir. 2012), and found that Chevedden, McRitchie, and Young's request to include Chevedden's proposal in Waste Connections' proxy materials placed Waste Connections in the position of "spending a significant sum to revise its proxy statement, or excluding Chevedden's proposal and exposing itself to potential litigation." *Id.* at *2 (quoting *KBR Inc.*, 478 Fed. Appx. at 215). As a result, the Fifth Circuit held that Waste Connections had standing to seek a declaratory judgment because its decision whether to exclude Chevedden's proposal would implicate Waste Connections' duties to all of its shareholders and could expose Waste Connections to an SEC enforcement action. *See id.* (citing *KBR Inc.*, 478 Fed. Appx. at 215).

The Fifth Circuit's reasoning is persuasive and should be adopted in this case. Chevedden's proposal put Chipotle to a choice between spending a significant sum to revise its proxy statement, or excluding Chevedden's proposal and exposing itself to potential litigation. "The choice between accommodating a potential adverse litigant at substantial expense or taking action that would expose oneself to a suit creates a justiciable dispute between parties." *KBR Inc.*, 478 Fed. Appx. at 215 (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 137 (2007)). This justiciable dispute between Chipotle and Defendants exists notwithstanding the fact that Defendants purportedly "promised" not to sue Chipotle if it excluded Chevedden's proposal from its proxy materials. Indeed, whether Chipotle included or excluded Chevedden's proposal, the decision would implicate Chipotle's duties to all of its shareholders. *See id.* Also, while Chipotle has demonstrated that Defendants failed to comply with Rule 14a-8, wrongly excluding an eligible

5

shareholder's proposal from its proxy statements could expose Chipotle to an SEC enforcement action. *See id.*

Defendants in their Response Brief rely on a recent Supreme Court decision in *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721 (2013), which discusses the question of standing. However, as the Fifth Circuit held, this case is "inapposite because it involves the situation of a patent owner and alleged infringer, not a party issuing a proxy to multiple potential parties." *Waste Connections, Inc.*, 2014 WL 554566, at *2 n.2. In *Already*, the Supreme Court merely adopted in the context of a trademark dispute a longstanding doctrine of patent law: if a patent owner executes an irrevocable covenant not to sue a putatively infringing party, that party cannot maintain a declaratory judgment action challenging the validity of the patent, because there is no longer a case or controversy. *See Already*, 133 S. Ct. at 728-29.

In relying on *Already*, Defendants fail to acknowledge the difference in contexts. The question of standing in patent law takes two distinct forms—that of constitutional standing under Art. III, and that of prudential standing, which assures that even if a party (such as a licensee) is injured by an alleged infringement, it may not bring suit in its own name unless and until it joins the patent owner. Thus, in the context of patents, an irrevocable and enforceable covenant not to sue issued by the patent owner guarantees not only that the patent owner himself will not sue in the future, but also that no other party could ever sue the alleged infringer to whom the covenant is directed. As a result, such a covenant leaves no "uncertainty, insecurity, and controversy" to be resolved by the court. *Francis E. Heydt Co. v. United States*, 948 F.2d 672, 677 (10th Cir. 1991) (citations omitted). *See also Already*, 133 S. Ct. at 728 (explaining that the irrevocable covenant

covers all parties and if any infringing product is not covered by the covenant, "[i]t sits, as far as we can tell, on a shelf between Dorothy's ruby slippers and Perseus's winged sandals").

Accordingly, as the Fifth Circuit also held in *Waste Connections, Inc.*, 2014 WL 554566, at *2, n.2, Defendants' reliance on *Already* in support of their standing argument is misplaced. Chipotle has no quarrel with the principle espoused in *Already*; if Defendants' "irrevocable promise" were able to bind all shareholders that could bring litigation against Chipotle on the basis of Chevedden's proposal and the SEC, then Chipotle would indeed have nothing to complain about and no standing to bring suit (and would have happily saved itself the expense of litigating this case). However, that most definitely was not the legal effect of Defendants' purported "irrevocable promise," as confirmed by the Fifth Circuit in *KBR Inc.*, 478 Fed. Appx. at 215, and in *Waste Connections, Inc.*, 2014 WL 554566, at *2, which analyzed identical "irrevocable promises" offered by Chevedden.

Chipotle's conflict with Defendants thus is "a substantial controversy" with real consequences. Without a declaration of its rights, Chipotle must choose between foregoing its rights or "bet[ting] the farm" by excluding the proposal from its proxy material, thereby exposing itself directly to an SEC enforcement action or liability from other shareholders *See MedImmune*, 549 U.S. at 129. Therefore, because Chipotle has established a cognizable injury in fact and has standing to seek resolution of this justiciable dispute between itself and Defendants Chevedden, McRitchie, and Young, this Court should grant Chipotle's Motion for Summary Judgment.

II. **Chipotle is Entitled to Summary Judgment, as Chevedden's November 6, 2013 Proposal May Be Excluded From Chipotle's 2014 Proxy Materials Pursuant to Rule 14a-8 as a Matter of Law.**

As mentioned above, Chipotle properly may exclude Chevedden's Proposal from its proxy materials for its 2014 annual meeting based on five separate and independently-sufficient violations of Rule 14a-8. Defendants proffer no evidence or cognizable arguments in their Response Brief that Chevedden's Proposal should be included in Chipotle's proxy materials based on compliance with Rule 14a-8. In addition to Defendants erroneous standing argument, the only other argument asserted by Defendants in their Reply Brief is that Chipotle seeking a declaration from this Court—rather than from the SEC— that it may exclude Chevedden's Proposal from its proxy materials is not in the "public interest." This vague, misleading "public interest" argument is supported only by such presumptuous statements as, "Chipotle apparently feared the SEC staff would disagree with its position so it sued the Defendants to avoid that possibility."

However, as Defendants are well aware, the SEC explicitly has stated that "[o]nly a court such as a U.S. District Court can decide whether a company is obligated to include shareholder proposals in its proxy materials." SEC Division of Corporation Finance, Informal Procedures Regarding Shareholder Proposals, *available at* http://www.sec.gov/divisions/corpfin/cf-noaction/14a-8-informal-procedures.htm. *See also KBR II*, 2011 WL 1463611, at *3, n. 3, *aff'd KBR v. Chevedden*, 478 F. App'x 213 (5th Cir. 2012) ("In a document titled, 'Division of Corporate Finance—Informal Procedures Regarding Shareholder Proposals,' the S.E.C. has explicitly stated that '[o]nly a court such as a U.S. District Court can decide whether a company is obligated to include shareholder proposals in its proxy materials.'). Moreover, in a document explaining Rule 14a–8 processes titled "Division of Corporate Finance: Staff Legal Bulletin No. 14," the SEC

8

stated that, "[w]here the arguments raised in the company's no-action request are before a court of law, our policy is not to comment on those arguments." *Id.* (citing *Roosevelt v. E.I. Du Pont de Nemours & Co.,* 958 F.2d 416, 424 (D.C.Cir.1992) ("The [S.E.C.] has consistently regarded the court, and not the agency, as the formal and binding adjudicator of Rule 14a–8's implementation of section 14(a).")).

In light of the SEC's express procedures stating that only a court, such as a U.S. District Court, properly can decide whether a company is obligated to include shareholder proposals in its proxy materials, it initially may appear surprising that Defendants argue, albeit vaguely, that it is against the "public interest" for courts to decide this issue. However, Defendants thinly-veiled strategy becomes apparent when considering that courts regularly allow companies to exclude proposals that fall within one of the forbidden categories in Rule 14a-8. *See, e.g., Grimes v. Centerior Energy Corp.*, 909 F.2d 529, 532-33 (D.C. Cir. 1990) (allowing exclusion of proposal related to capital expenditure approvals under the ordinary business operations exclusion in 14a-8(i)(7) (formerly (c)(7)); *Roosevelt v. E.I. Du Pont de Nemours & Co.*, 958 F.2d 416, 425 (D.C. Cir. 1992) (allowing exclusion of proposal related to discontinuing the production of certain chemicals under ordinary business exception); *Lindner v. Am. Express Co.*, No. 10 Civ.2228(JSR)(JLC), 2011 WL 2581745, at *6 (S.D.N.Y. June 27, 2011) (allowing exclusion of proposal that related to a personal grievance and was thus forbidden under 14a-8(i)(4)).

Here, as explained in detail in Chipotle's Motion for Summary Judgment, Chevedden's Proposal does not just fall within *one* of the forbidden categories in Rule 14a-8; Chevedden's Proposal runs afoul of Rule 14a-8 on five separate and independently-sufficient grounds:

(1)     Chevedden has not satisfied the ownership requirements of Rule 14a-8(b).

9

(2) McRitchie and Young purport to appoint Chevedden to submit the Proposal on their behalf for inclusion in Chipotle's proxy materials, which Rule 14a-8 does not allow.

(3) The Proposal is impermissibly vague and indefinite so as to be inherently false and misleading, in violation of Rule 14a-9.

(4) Rule 14a-8 permits Chipotle to exclude the Proposal from its proxy materials because the supporting statement for the Proposal is materially misleading.

(5) Rule 14a-8 permits Chipotle to exclude the Proposal from its proxy materials because substantial portions of the supporting statement are irrelevant to the subject matter of the Proposal.

It warrants repeating that despite Chipotle's detailed explanation in its Motion for Summary Judgment of these deficiencies in Chevedden's Proposal, Defendants proffer *zero* evidence or cognizable arguments that they have in fact complied with Rule 14a-8.

Accordingly, there is no genuine issue of material fact regarding Defendants' failure to comply with the requirements of Rule 14a-8. Rule 14a-8(f) provides that, with respect to certain procedural deficiencies, "[t]he company may exclude your proposal, but only after it has notified you of the problem, and you have failed adequately to correct it." Chipotle notified Defendants of the procedural deficiencies in the Proposal, as required by Rule 14a-8(f), through its First Deficiency Notice and Second Deficiency Notice. To date, Defendants' procedural deficiencies have not been remedied. Therefore, Chipotle is entitled to a judgment as a matter of law declaring that it may exclude the Proposal from its 2014 proxy materials.

## CONCLUSION

Chipotle has established a cognizable injury in fact and has standing to seek resolution of this justiciable dispute between itself and Defendants Chevedden, McRitchie, and Young. Moreover, there are no genuine issues of material fact regarding Defendants' failure to comply

with the requirements of Rule 14a-8. Therefore, Chipotle is entitled to a judgment as a matter of law declaring that it may exclude the Proposal from its 2014 proxy materials.

Respectfully submitted on this 6th day of March, 2014,

*/s/ Scott L. Evans*
Scott L. Evans, #25475
Michael S. Toll, #44087
Messner Reeves LLP
1430 Wynkoop, Suite 300
Denver, CO 80202
Phone: 303.623.1800
Fax:    303.623.0552
sevans@messner.com
mtoll@messner.com
*Attorneys for Plaintiff Chipotle Mexican Grill, Inc.*

# CERTIFICATE OF SERVICE

I certify that on this 6th day of March, 2014, I electronically transmitted this document to the Clerk of Court using the ECF System, and also served a copy in accordance with the Federal Rules of Civil Procedure as follows:

Via Certified U.S. Mail:

John Chevedden
2215 Nelson Avenue, No. 205
Redondo Beach, CA 90278
310-371-7872
olmsted7@earthlink.net

James McRitchie
9295 Yorkship Court
Elk Grove, CA 95758

Myra K. Young
9295 Yorkship Court
Elk Grove, CA 95758

                                                */s/ Tracey Zastrow*_____
                                                Tracey Zastrow