**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 14-cv-0018-WJM-KMT

CHIPOTLE MEXICAN GRILL, INC.,

      Plaintiff,

v.

JOHN CHEVEDDEN,
JAMES MCRITCHIE,
MYRA K. YOUNG,

      Defendants.

---

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

---

      Plaintiff Chipotle Mexican Grill, Inc. ("Plaintiff") has filed this action for a declaratory judgment against Defendants John Chevedden, James McRitchie, and Myra K. Young (collectively "Defendants"), arising out of an alleged violation of the regulations under the Securities Exchange Act of 1934, 17 C.F.R. § 240.14a-8.  (ECF No. 1.)  This matter is before the Court on Defendants' Motion to Dismiss for Lack of Jurisdiction ("Motion") (ECF No. 10) and Plaintiff's Motion for Summary Judgment (ECF No. 19).  The Court agreed to rule on these motions on an expedited basis.  (ECF No. 17.)  For the reasons set forth below, Defendants' Motion is granted and the case is dismissed for lack of jurisdiction.

# I.  LEGAL STANDARD[1]

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter."  Fed. R. Civ. P. 12(b)(1).  Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case.  Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).  When considering a Rule 12(b)(1) motion, however, the court may consider matters outside the pleadings without transforming the motion into one for summary judgment.  *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).  Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."  *Id*.

The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in

---

[1]  Although the pending Motions include arguments pursuant to both Rules 12(b)(1) and 56, the Court addresses herein only Rule 12(b)(1) because it is dispositive of the case.

which it becomes apparent that jurisdiction is lacking."  *See id.*

## II. DISCUSSION

This action is the most recent in a line of cases brought by corporate plaintiffs

challenging shareholder proposals submitted by Defendant Chevedden.  (*See* ECF No.

13 at 2-8 (citing, *e.g.*, *Apache Corp. v. Chevedden*, 696 F. Supp. 2d 723 (S.D. Tex.

2010); *KBR Inc. v. Chevedden*, 776 F. Supp. 2d 415 (S.D. Tex. 2011); *Waste*

*Connections, Inc. v. Chevedden*, 2014 WL 554566 (5th Cir. Feb. 13, 2014)); *see also*

*Express Scripts Holding Co. v. Chevedden*, 2014 WL 631538 (E.D. Mo. Feb. 18, 2014);

*EMC Corp. v. Chevedden*, No. 14-cv-10233-MLW (Mass. March 7, 2014); *Omnicom*

*Group, Inc. v. Chevedden*, No. 14 Civ. 0386 (S.D.N.Y. March 11, 2014).[2]  Plaintiff seeks

a declaration that the shareholder proposal at issue here, which Defendants submitted

for inclusion in Plaintiff's proxy statement for its upcoming stockholder meeting, violates

the Securities Exchange Act and can therefore be excluded from Plaintiff's proxy

statement.  (Compl. (ECF No. 1).)  In their Motion to Dismiss, Defendants argue that

Plaintiff lacks standing to sue because it can show no injury in fact, and that the case

should therefore be dismissed for lack of jurisdiction.  (ECF No. 10.)

A declaratory judgment may be granted only in "a case of actual controversy

within its jurisdiction".  28 U.S.C. § 2201(a).  This refers directly to the "case or

---

[2] Defendants brought the recently decided *EMC* and *Omnicom* cases to the Court's
attention by filing letters and transcripts from those cases, but failed to file a Motion for Leave to
File Supplemental Authority.  (ECF Nos. 24 & 25.)  As Defendants are *pro se*, the Court is
required to liberally construe their pleadings.  *See Haines v. Kerner*, 404 U.S. 519, 520-21
(1972).  Thus, given these cases' persuasive value and pertinence to the instant case, the
Court construes Defendants' filings as a Motion for Leave to File Supplemental Authority, grants
the construed motion, and accepts the supplemental authority as filed.

controversy" requirement of Article III of the United States Constitution.  U.S. Const. Art. III § 2; *see Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S. Ct. 843, 848 (2014) (holding that "the Declaratory Judgment Act does not extend the jurisdiction of the federal courts." (internal quotation marks omitted)).  The limitation of jurisdiction to an actual controversy is a "bedrock requirement" that protects the system of separated powers, and from which the concept of standing arises.  *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982); *see also Raines v. Byrd*, 521 U.S. 811, 818 (1997) ("'No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.'" (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 37 (1976))).

Of the justiciability doctrines created to enforce the case or controversy limitation, the requirement that a litigant "have 'standing' to invoke the power of a federal court is perhaps the most important".  *Allen v. Wright*, 468 U.S. 737, 750 (1984).  "[T]he standing question is whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf."  *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) (citing *Baker v. Carr*, 369 U.S. 186, 204 (1962)).

A plaintiff must show three elements to establish standing to assert a claim:

> [1] The plaintiff must have suffered an injury in fact . . . , [2] there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and . . . [3] it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations omitted).

Allegations of future injury cannot satisfy the injury in fact requirement if the injury is

merely possible, but "must be 'certainly impending'" to establish standing. *Clapper v.

Amnesty Int'l USA*, 133 S. Ct. 1138, 1143 (2013) (quoting *Whitmore v. Arkansas,* 495

U.S. 149, 158 (1990)).

The Tenth Circuit "has repeatedly characterized standing as an element of

subject matter jurisdiction." *Hill v. Vanderbilt Capital Advisors, LLC*, 702 F.3d 1220,

1224 (10th Cir. 2012). Because Plaintiff is the party invoking this Court's jurisdiction, it

bears the burden of establishing that it has standing to pursue its claim. *See Basso*,

495 F.2d at 909.

Plaintiff's briefing here proposes three future injuries that it argues establish

standing: (1) the threat of suit by Defendants if Plaintiff wrongfully excludes their

proposal; (2) the threat of suit by other shareholders; and (3) the threat of an

enforcement action by the Securities and Exchange Commission ("SEC"). (*See* ECF

No. 13 at 7-8.) Defendants contend that because they have made an "irrevocable

promise" not to sue Plaintiff if it excludes their shareholder proposal, the first alleged

injury will not occur. (ECF No. 21 at 2-4.) With regard to the second and third alleged

injuries, Defendants contend that they are too speculative to pass constitutional muster.

(*Id.*; ECF No. 22 at 2.)

The Court agrees with Defendants that Plaintiff's proposed future injuries fail to

meet the "certainly impending" standard necessary to establish standing. *See

Whitmore,* 495 U.S. at 158. The prospect of Defendants breaking their "irrevocable

5

promise" not to bring legal action against Chipotle if it excludes their shareholder proposal, though possible, is undisputedly not "certainly impending."  Nor is the prospect of a lawsuit by another shareholder or an SEC enforcement action anything more than pure speculation.  Thus, none of these injuries satisfies the injury in fact requirement.  Furthermore, even if the uncertainty about another shareholder or SEC action sufficiently established an injury in fact, Plaintiff cannot show that its requested relief—a declaration from this Court with respect to Defendants—would redress its injury as against a third party over whom this Court has no jurisdiction.  *See Lujan*, 504 U.S. at 569 (holding that an injury was not redressable where the district court's decision would not have been binding on non-party government agencies).

Plaintiff's citations to the Fifth Circuit Court of Appeals' decisions in *KBR* and *Waste Connections* are unavailing.  In *KBR*, the Fifth Circuit found that Chevedden's stipulation not to sue did not vitiate any possibility of legal action stemming from a decision to exclude his proposal, because that decision "would implicate KBR's duties to all of its shareholders . . . [and] could expose KBR to an SEC enforcement action."  *KBR Inc. v. Chevedden*, 478 F. App'x 213, 215 (10th Cir. 2012).  However, the Fifth Circuit did not apply the "certainly impending" standard established by the Supreme Court for evaluating future injuries for standing purposes.  *See Whitmore,* 495 U.S. at 158. Additionally, in citing the risk of shareholder or SEC actions, the Fifth Circuit considered only whether KBR might expose itself to suit, not whether the district court's ruling would redress that exposure.  The *Waste Connections* decision was substantively identical to *KBR* and did not address either of these well-established standing requirements.  2014

WL 554566 at *2.

Instead, the Court finds more persuasive the reasoning of the District Courts of the Southern District of New York and the District of Massachusetts, both of which rejected the same proposed injuries Plaintiff cites here as too speculative to be "certainly impending". *See Omnicom*, 1:14-cv-0386, at *2-*3 (holding that "Omnicom does not face suit from Mr. Chevedden if it excludes his proposal, and the possibility of SEC investigation or action is remote."); *EMC*, 1:14-cv-10233, Doc. 38 at 46-52 (same). As in *EMC*, given Defendants' promise not to sue and Plaintiff's failure to show either any threat of suit by a third party or the redressability of such injury, "a declaratory judgment by this court would be an [unconstitutional] advisory opinion without relieving [the plaintiff] of any uncertainty or insecurity about being sued by the defendants if [the plaintiff] excludes their proposal." *EMC*, 1:14-cv-10233, Doc. 38 at 53. Furthermore, where Plaintiff has not presented its case to the SEC, this Court's issuance of a declaratory judgment on an expedited basis "would be essentially reversing the statutory scheme and not be in the interests of the administration of justice." *Id.* at 54.

Accordingly, the Court finds that Plaintiff lacks standing to bring this action, and thus the Court lacks jurisdiction to hear the matter.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.     Defendants' Motion to Dismiss for Lack of Jurisdiction (ECF No. 10) is
       GRANTED and this matter is DISMISSED WITHOUT PREJUDICE; and

2.     Judgment shall be entered in favor of Defendants.  Defendants shall have their
       costs.

Dated this 14th day of March, 2014.

BY THE COURT:

_____
William J. Martinez
United States District Judge